Kent Carter
c/o PO Box 5033
Carlsbad, New Mexico [88220]
505.887.1912

Defendant, in *pro se*

**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

OCT 3 1 2007

MATTHEW J. DYKMAN
CLERK

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, and )<br>INTERNAL REVENUE SERVICE, )<br>)<br>         Petitioners, )<br>)<br>   v. )<br>)<br>)<br>Kent Carter, )<br>)<br>)<br>         Respondent. )<br>_____ ) | Case No.   07-mc-00013-JB |

**RESPONDENT'S MOTION TO DENY UNITED STATES' MOTION FOR CONTEMPT;
MOTION TO DISMISS FOR LACK JURISDICTION; MOTION TO PURGE ANY BEHAVIOR
PRESUMED TO BE CONTEMPTUOUS; MOTION FOR THE COURT TO WITHDRAW
ITS ORDER OF COMPLIANCE AND ISSUE AN ORDER TO SHOW CAUSE**

COMES NOW Kent Carter, hereinafter referred to as "Respondent" proceeding on his own

behalf moving this Court to: (1) deny the Petitioners' motion for contempt, (2) to dismiss the

Petitioners' complaint for lack of jurisdiction, (3) to the degree necessary, purge any behavior

determined to be contemptuous, and (4) withdraw its Order to comply. Respondent includes

evidence sufficient to establish that the Petitioners failed to invoke the subject matter jurisdiction

of this Honorable Court prior to filing their complaint, if *". . . the court must consider the entire*

*record in the action, not just those pieces of evidence that have been singled out for attention*

*by the parties.*" See <u>Clinkscales v. Chevron USA, Inc.</u>, 831 F.2d 1565, 1570 (11th Cir. 1987).

Furthermore, the Respondent includes evidence that he had fully complied with the Court's

Order prior to discovering that the Petitioners are proceeding without ceding the Court's subject

matter jurisdiction. The Respondent has included documentary evidence sufficient to establish

that the Petitioners have failed to invoke the jurisdiction of this Honorable Court, causing the two

Summonses to issue without the authority of law pursuant to 26 U.S.C. § 7401 *et seq.* and at

Treasury Regulations 26 CFR § 301.7602-1(b)(2), therefore the Summonses are legally

unenforceable.

## MEMORANDOM OF LAW AND BRIEF IN SUPPORT

### I.
### Kent Carter Hereby Invokes The Article III Jurisdiction Of The Court To Establish The Common Law Protection Guaranteed Under The Constitution

The Petitioners, seeking to only proceed statutorily against the Respondent Kent Carter,

failed to invoke the Article III jurisdiction of this Court, vesting it with the authority to hear

matters of a constitutional magnitude pursuant to the Common Law – to his prejudice. Thus

the Respondent invokes the Constitution pursuant to 28 U.S.C. § 1331 *et seq.*, vesting this

Court to act as an Article III Court under the Constitution for the United States of America to

dispose of cases and controversy that fall within its constitutional ambit, since Article III

*"serves to identify those disputes which are appropriately resolved through the judicial*

*process."* Whitmore v. Arkansas, 495 U.S. 149, 155 (1990). It is well established that the

*"Federal courts of limited jurisdiction are empowered to hear only those cases that the*

*Constitution and Congress grant them authority to consider."* See Finley v. United States,

490 U.S. 545 (1989).

### II.
### Respondent Is Not Be Held To The Standards Of A Bar Attorney

Respondent Kent Carter is unschooled in law and, therefore, is waived from being held

to the standards of a bar attorney as stated in *Haines*: "*…allegations such as those asserted*

*by petitioner, however inartfully plead, [pro se] must be held to a less stringent standard*

*than formal pleadings drafted by bar-admitted attorneys and can only be dismissed for*

*failure to state a claim if it appears beyond a doubt that the pro se litigants can prove no set*

*of facts in support of [his] claims which would entitle him  to relief.*" <u>Haines v. Kerner</u>, 404

U.S. 519-521. Respondent requests this Court to take judicial notice of <u>Haines</u>, as such

doctrines are applicable in this instant case – as Respondent has made every good faith effort

to comply with this Court's decorum and will continue to do so.

### III.
### <u>The United States Supreme Court Established The Doctrine Of Substance Over Form Regarding The Filing Of A Complaint</u>

The Respondent, unable to afford an attorney, has responded in *pro se*, and, as cited in

<u>Haines</u> supra, should not to be held to the high standards of a bar attorney. The United States

Supreme Court stated in <u>Frank Lyon Co. v. United States</u>, 435 U.S. 561 (1978) 98 S.Ct. 1291,

"In applying this doctrine of substance over form, the Court has looked to the objective

economic realities of a transaction rather than to the particular form the parties employed. *"The*

*Court has never regarded 'the simple expedient of drawing up papers,'"* <u>*Commissioner v.*</u>

<u>*Tower*</u>, 327 U.S. 280, 291 (1946), *"as controlling for tax purposes when the objective*

*economic realities are to the contrary. <u>In the field of taxation, administrators of the laws, and*</u>

<u>*the courts, are concerned with substance and realities, and formal written documents are not*</u>

<u>*rigidly binding*</u>."* <u>Helvering</u> v. <u>Lazarus & Co.</u>, 308 U.S., at 255. See also <u>*Commissioner v. P. G.*</u>

<u>*Lake, Inc.*</u>, 356 U.S. 260, 266-267 (1958); <u>Commissioner</u> v. <u>Court Holding Co.</u>, 324 U.S. 331,

334 (1945). *"Nor is the parties' desire to achieve a particular tax result necessarily relevant*."

<u>Commissioner v. Duberstein</u>, 363 U.S. 278, 286 (1960).

**IV.**
**Verified Affidavit Of Facts And Statement of the Case**

1.  That on Tuesday August 28, 2007 at 9:00 a.m., Respondent Kent Carter appeared at the IRS office in Roswell, New Mexico at 500 N. Richardson, Room 113 before Revenue Officer MIKE PRYOR, and produced all the records, documents and information demanded and in the Respondent's immediate possession.

2.  That Respondent had in his possession a tape recorder and was allowed to record the hearing as prescribed by law.

3.  That Respondent did not exercise his right to invoke the Fifth Amendment privilege at any time during the interrogation conducted by MIKE PRYOR.

4.  That Respondent answered all questions presented by Revenue Officer MIKE PRYOR truthfully and to the best of his recollection, knowledge and understanding and fully disclosed all information demanded of him.

5.  That Respondent was questioned by Revenue Officer MIKE PRYOR regarding all items listed on IRS Form 433 financial disclosure of information, plus an unknown additional "questionnaire" that he read from, and Respondent answered all questions to the best of his knowledge and recollection (see attached **Exhibit A**).

6.  During the month of June 2005 the Respondent was hospitalized and in a coma for 24 hours, diagnosed as "brain dead" by a neurologist, and to this day suffers from acute memory loss regarding day to day activities– at times having to pull over while traveling just to figure out and remember exactly where he is going and for what purpose (see attached **Exhibit B**).

7.  That Respondent's recollection of many events surrounding his financial situation are vague and faulty possibly due to suffering from acute memory loss as a result of his death experience during hospitalization in June of 2005, rendering the Respondent without the ability

to readily recall what he did during tax years 1995 through 2006 – and without the records sought to refresh his memory.

8.   That Respondent explained to Revenue Officer MIKE PRYOR that he has never been a record keeper and did not personally maintaining any financial books or records for tax years 1995 through 2006 and could not produce the records requested that he did not maintain, but Respondent did appear and bring all the records that he possessed.

9.   That Respondent produced all bank account records for tax periods August 2005 through August 2006, as specifically requested by MIKE PRYOR and the Department of Justice, yet PRYOR makes no reference to said production in his declaration (see **Exhibit C**).

10. That Respondent recalls working construction between the years August 1, 2005 through July 31, 2006, but for personal health reasons Respondent had to discontinue working in the construction industry; and MIKE PRYOR asked the Respondent if he was working for anybody at this point and time, and Respondent answered truthfully and said "no," he is not.

11. That MIKE PRYOR asked numerous questions pertaining to investments, cash received and like issues regarding tax years 2002 through 2005 that the Respondent answered truthfully – and did not then and does not now recall having financial dealings in such capacity.

12. That the Respondent presently survives off the rent he gets from his tenants and occasional assistance from family members and friends that have come to his aid over the years during the difficult times he has encountered with his health and in his ongoing dispute with unknown employees of the Internal Revenue Service seeking to take his property.

13. That MIKE PRYOR served a Notice of Levy on Ronald R. Grimes regarding personal property belonging to Respondent without petitioning the Respondent for information, which

indicates PRYOR is capable of obtaining information that will result in him taking personal property belonging to Respondent (see attached **Exhibit D**).

14. That MIKE PRYOR served a Notice of Levy on Trinka Stafford, who once resided at 1202 ½ W Edwards, Carlsbad, New Mexico, without petitioning the Respondent for information and took personal property belonging to Respondent (see attached **Exhibit E**).

15. That MIKE PRYOR asked Respondent questions that did not pertain to him such as the names, addresses and social security numbers of the Respondent's adult children and Respondent did not understand the relevance of those questions as it pertained to the Court's Order and so declined to answer.

16. Although financially burdensome to the Respondent, MIKE PRYOR stated that Respondent may be required to produce books and records in the possession of third party record keepers to which the Respondent may have access even though PRYOR is capable of obtaining these records without cost to himself with the issuance of a third party administrative summonses.

17. That Respondent fully complied with the Court's Order to produce books and records and gave testimony related to the same and produced all information requested from Revenue Officer MIKE PRYOR and did not withhold any information, even though he was not legally required to do so, and he should not be charged with civil contempt.

18. That Counsel's "First Petition To Enforce IRS Summons" filed on behalf of the UNITED STATES and the IRS failed to invoke the subject matter jurisdiction of this Honorable Court as prescribed by Congress at 26 U.S.C. §§ 7401 and 7402 and failed to plead, cite or establish that the Secretary authorized or sanctioned the proceedings and the Attorney General or his delegate directed that the civil action be commenced (see attached **Exhibit F**).

19. That Revenue Officer MIKE PRYOR, acting in the capacity of an "issuing officer," failed to invoke the subject matter jurisdiction of this Honorable Court as prescribed by Treasury Regulations at 26 CFR § 301.7602-1(b)(2) and Delegation Order No. 4 and failed to obtain the signature of the approving officer prior to causing the issuance of the two Summonses (see attached **Exhibit G**).

20. That Congress demands at 26 U.S.C. §§ 7401 and 7402 that all jurisdictional requisites are satisfied by the Petitioners that would authorize the Court's authority to issue orders, writs and judgments, and the Petitioners failed to satisfy these mandatory requirements (see attached **Exhibit H**).

21. That the Respondent produced all books and records in his possession and testified truthfully to all questions asked of him to his recollection of the events and knowledge to avoid imprisonment, sanctions and further harassment, pursuant to the Court's then presumed to be lawful Order advanced via the Petitioners claim, although, now discovered to be unlawful based on the erroneous and reckless acts of the Petitioners failure to comply with applicable statutes and regulations.

22. That Congress and the courts alike have determined that it would be an abuse of the Court's process to compel the Respondent to further comply with what was believed to be a lawful order and is now determined to be unlawful and without the Court's subject matter jurisdiction to compel its enforcement.

23. Although the Respondent believes the law speaks unambiguously to the matters present herein, having knowledge of the peril of pro se litigants proceeding before the judiciary regarding these serious life and liberty issues, having no confidence in the judiciary due to the fear of reprisal and the potential for abuse of process, the Respondent submitted a copy of his

response motion to deny contempt and attached exhibits to the appropriate fiduciary Congressional authorities to effect the record and for oversight purposes.

**V.**

**The Petitioners Failed To Establish The Court's Subject Matter Jurisdiction In Its Pleadings And Presented No Documentary Evidence That The Attorney General Of The United States Authorized This Action At The Request Of The Chief Counsel**

24. The Respondent Kent Carter provides evidence sufficient to establish that Counsel for the UNITED STATES and the INTERNAL REVENUE SERVICE has failed to invoke the subject matter and in personam jurisdiction of this Honorable Court.  *"**Jurisdiction, once challenged, cannot be assumed and must be decided.**"* Maine v. Thiboutot, 100 S. Ct. 250. Counsel for the UNITED STATES and the INTERNAL REVENUE SERVICE filed a "First Petition to Enforce IRS Summons" at Doc. #1 on March 6, 2007. In review of their pleadings, the complaint failed to plead a single statutory authority to invoke and vest this Court with the jurisdiction over their civil action – a required element of any pleading pursuant to Fed.R.Civ.P.,  Rule 8(a).

25. The Petitioners' complaint failed to plead the necessary jurisdiction under which they are presumed to proceed pursuant to the Judicial Code at Title 28 U.S.C. §§ 1331, 1340, 1345 or 1355. Particularly, at no point in his complaint did Counsel plead the requisite jurisdiction under Title 26 of the United States Code that would authorize this civil action and vest the Court with jurisdiction over the subject matter – a necessary requirement to cede this Court's statutory jurisdiction.

26. Congress explicitly states at 26 U.S.C. §§ 7401 in pertinent part that: *"**No civil action for the collection or recovery of taxes, or of any fine, penalty, or forfeiture, shall be commenced unless the Secretary authorizes or sanctions the proceedings and the Attorney General or his delegate directs that the action be commenced.**"* The action filed by Counsel is an action of "civil enforcement" of an IRS Summons. This Court, a creature of statute pursuant to an Act of

Congress, is therefore intimately bound by the terms of its enactment. As in all cases involving statutory construction, "*our starting point must be the language employed by Congress,*" <u>Reiter</u> <u>v. Sonotone Corp.</u>, 442 US 330, 337, 60 L Ed 2d 931, 99 S Ct. 2326 (1979) [emphasis added], and we assume "*that the legislative purpose is expressed by the ordinary meaning of the words used.*" <u>Richards v. United States</u>, 369 US 1, 9, 7 L Ed 2d 492, 82 S Ct. 585 (1962) [emphasis added].

27. The authority to issue judicial process with regards to enforcement of a summons begins at Section 7604(a), which states in part: *"if any person summoned under the internal revenue laws to appear . . . the United States district court for that district . . . <u>shall have jurisdiction by appropriate process</u> to compel such attendance."* Section 7604(c)(1) refers to the authority for enforcement of the "*appropriate process*" of the district courts generally at Section 7402. Hence, compliance at Section 7401 is the precursor and appropriate process that authorizes the court to issue orders, process and judgment. *". . . Unless Congress has clearly indicated that its intentions are contrary to the words employed in the statute, this is the ending point of interpretation."* <u>Fuller v. United States</u>, 615 Supp, 1054, 1057 (D.C., E.D. Cal. 1985). In this instant case, there is no indication that Congress did not intend to employ the plain language of the statute.

28. To begin, in <u>United States v. One 1972 Cadillac, Coupe Deville</u>, 355 F. Supp. 513, 515 (7th Cir. 1973), "The discussion of what Congress intended thus, hinges on prescribed procedures that require two steps. ***<u>The first step requires that a civil action be authorized by the Secretary or his delegate</u>***. "Secretary" as defined in 26 U.S.C. § 7701 means the Secretary of the Treasury. "Delegate" as defined in 26 U.S.C. § 7701 refers to one who is an employee of the Treasury Department securing his authority from the Secretary, or by redelegation, directly or indirectly.

*The second step requires direction of the Attorney General or his delegate to commence the action.* Under 26 U.S.C. § 7701 (a)(12) "the term 'or his delegate' … when used in connection with any other official of the United States shall be similarly construed". "The term 'Attorney General' means the Attorney General of the United States." (26 U.S.C. § 7701(a)(22)).

29.   In *One 1972 Cadillac, Coupe Deville*, the Court found *"… no rational means to avoid the conclusion that the requirements of 26 U.S.C. § 7401 are jurisdictional."* A United States District Court, being an Article III Court engendered by the discretion of the Congress, has generally such subject matter jurisdiction as the Congress shall establish and upon the conditions as the Congress may impose. *Thus, "where the Congress prohibits the commencement of a civil action unless certain specific acts are performed, this Court has no jurisdiction over the subject matter until the requisite conditions are met in fact and such compliance is shown by the pleadings and, where necessary, established by proof." United States v. One 1972 Cadillac, Coupe Deville*, 355 F. Supp. 513, 515 (7th Cir. 1973), conclusively leaving no room for intentional misinterpretation of what the unambiguous intent of Congress provides.

30. The Seventh Circuit applied Congress's intent, opining in its final decision in *One 1972 Cadillac, Coupe Deville* and fully establishing: *"… that 26 U.S.C. § 7401 requirements constitute facts essential to jurisdiction. The failure to prove jurisdictional facts when specifically denied is fatal to the maintenance of this action. This Court erred in hearing the case on the merits and now determines such hearing was a nullity and not amenable to effective order or judgment, except the order now made that this Court does not have jurisdiction over the subject matter."*

31. Having filed their civil compliant to judicially enforce the two Summonses, the Petitioners bear the burden of proof to establish that they have satisfied the prerequisites

Congress has set that would authorize the Court's enforcement authority. In this instant case, Counsel for the UNITED STATES and the IRS did not cite a single statutory authority in their Petition establishing the statutory jurisdiction under which they have instituted their proceeding. "*Federal courts of limited jurisdiction are empowered to hear only those cases that the Constitution and Congress grant them authority to consider.*" See <u>Finley v. United States</u>, 490 U.S. 545 (1989). "*A court's authority to exercise its subject matter jurisdiction over a case may be restricted by failure to comply with statutory requirements that are mandatory in nature and, thus, are prerequisite to court's lawful exercise of that jurisdiction.*" <u>Moore v. Com.</u>, 527 S.E.2d 406, 259 Va. 431 (2000).

32.    The Court is directed to dismiss an action when it appears the Court lacks jurisdiction over the subject matter. A district court has "*the power to determine in every case whether the prerequisites to jurisdiction in fact exist.*" <u>Fireman's Fund Ins. Co. v. Railway Express Agency</u>, 253 F.2d 780, 784 (6th Cir. 1958). "*Because Federal courts are limited in jurisdiction, the presumption is that it is without jurisdiction unless the contrary affirmatively appears.*" <u>Grace v. American Central Insurance Co</u>., 109 U.S. 278. "*If any tribunal finds absence of proof of jurisdiction over person and subject matter, the case must be dismissed.*" <u>Louisville R.R. v. Motley</u>, 211 U.S. 149, 29 S. Ct. 42. Other cases such as <u>McNutt v. G.M.</u>, 56 S. Ct. 789,80 L. Ed. 1135; <u>Griffin v. Mathews</u>, 310 Supp. 341, 423 F. 2d 272; <u>Basso v. U.P.L.</u>, 495 F 2d. 906; <u>Thomson v. Gaskiel</u>, 62 S. Ct. 673, 83 L. Ed. 111; and <u>Albrecht v. United States</u>, 273 U.S. 1.

33. The Petitioners' complaint must therefore be dismissed" <u>*until the requisite conditions are met in fact and such compliance is shown by the pleadings and, where necessary, established by proof,*</u>" as no evidence exists on the record that the Secretary authorized or sanctioned the

proceedings and the Attorney General or his delegate directed that the action be commenced –

the necessary elements ceding this Court's jurisdiction over the subject matter.

## VI.
### Revenue Officer MIKE PRYOR Is NOT The Party Authorized
### To Issue Summonses Without Signature Of An Approving Officer

34. Counsel asserts in his brief on page 2 that *"As grounds for this Motion for Contempt, the Government incorporates its First Petition to Enforce IRS Summons (Doc. 1),"* which includes a copy the "Second Declaration of Mike Pryor," and proceeds under the presumption PRYOR complied with all procedural requirements that would vest this Court with jurisdiction to enforce the Summonses civilly to include contempt sanctions (see attached **Exhibit F**).

35. In <u>Shillitani</u>, the Court stated that it has the *"inherent power through civil contempt to enforce compliance with their lawful orders"* and proceeds on the presumption that the Court's order is lawful because the moving party has effectively ceded the jurisdiction of the Court – which is not the case here. Thus, we must look to determine whether or not the Petitioners ceded the Court's jurisdiction that would result in the Court's issuance of "lawful orders" compelling the Respondent to comply with the Petitioners' two Summonses. *"A court's authority to exercise its subject matter jurisdiction over a case may be restricted by failure to comply with statutory requirements that are mandatory in nature and, thus, are prerequisite to court's lawful exercise of that jurisdiction."* <u>Moore v. Com.</u>, 527 S.E.2d 406, 259 Va. 431 (2000). Also see <u>United States v. One 1972 Cadillac, Coupe Deville</u>, 355 F. Supp. 513, 515 (7th Cir. 1973).

36. Although the Respondent Kent Carter has fully complied in good faith with the two unlawful Summonses signed and issued solely by Revenue Officer MIKE PRYOR – Respondent provided evidence sufficient to establish that MIKE PRYOR alone is <u>not</u> the official authorized to issue the Summonses without the signature of the approving officer; yet no signature exists on

the Summonses giving such authority, violating the Fourth element of _Powell_. *"It is a wholesome and necessary principle that an administrative agency must pursue the procedure and rules enjoined upon it in the performance of its function and show a substantial compliance therewith to give validity to its action."* Wichita R. & Light Co. v. Public Utilities Commission, 260 US 48, 43 S.Ct. 51.

37. In _United States v. Powell_, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964), the Supreme Court enunciated the analytical framework that governs enforcement decisions. First, for the government to establish a prima facie case for enforcement, it must demonstrate that: (1) *the investigation has a legitimate purpose*, (2) *the information summoned is relevant to that purpose*, (3) *the documents sought are not already in the IRS's possession*, and (4) *the procedural steps required by the tax code have been followed*. Id. at 57-58, 85 S.Ct. 248.

38. Declarant MIKE PRYOR asserts on page 1 at ¶ 1 of his declaration that he is an "Internal Revenue Service ("IRS") Revenue Officer assigned to the case . . ." and incorporates by reference the previous statements in his first declaration that included a copy of the Summonses at Exhibit A Doc. 1, Petition to Enforce Summons (see attached **Exhibit C**).

39. Declarant PRYOR, in his initial declaration affirms that he is the sole author of the issuance of the Summonses. This is further confirmed by the two Summonses issued by PRYOR that only bear his signature as the "issuing officer." It would be superfluous to have the administrative summonses indicate the requirement that an "approving officer" signature is *mandatory* to authorize the acts of low-level agents if such was unnecessary. As indicated on the Summonses, Declarant PRYOR signed as the "issuing officer" and not the "approving officer" and does not carry the weight authorized by the Secretary or the Secretary's delegate to sign as the approving officer. *"With the IRS's broad power must come a concomitant responsibility to*

*exercise it within the confines of the law.  The Court has emphasized that no official is above the law, and that broad powers present broad opportunities for abuse." Butz v. Economou*, 438 U.S. 478, 505-06 (1978), 98 S.Ct. at 2910-11.  *Cf. Mark v. Groff*, 521 F.2d at 1380 N.4 (see attached **Exhibit G**).

40. The strictures for issuing administrative Summonses is found at Delegation Order No. 4 of the Handbook of Delegation Orders and at www.irs.gov. In review, Delegation Order No. 4 (revision 23) is no longer annotated and does not fully disclose with particularity in what manner the authority to issue a summons is delegated. Thus, a read of the annotated version of Delegation Order No. 4 (Rev. 21) provides complete disclosure and guidance as to who is authorized to issue such summons. Delegation Order No. 4 (Rev. 21) at § 1(d) states in pertinent part: **"The authority to issue summonses . . . is delegated to the following officers and employees except that in the instance of a summons to a third party witness, the issuing officer's case manager, group manager, or any supervisory official above that level, has in advance personally authorized issuance of the summons. Such authorization shall be manifest by the signature of the authorizing officer on the face of the original and all copies of the summons or by a statement on the original and all copies of the summons, signed by the issuing officer, that he/she had prior authorization to issue said summons and stating the name and title of the official and the date of authorization"** (see attached **Exhibit G**).

41. Delegation Order No. 4 has not been redelegated to Revenue Officers. At no point in either declaration did PRYOR state or identify the name and title of the official and the date of authorization by the approving officer as required pursuant to 26 CFR § 301.7602-1(b) – as cited in Delegation Order No. 4.  However PRYOR admits he personally caused the procedurally invalid Summonses to issue, without obtaining the required signature approval from a

supervisory official stating the name and title of the official and the date of authorization prior to their issuance. *"Public officers are merely the agents of the public whose power and authority are defined and limited by law. Any act without the scope of the authority so defined does not bind the principle and all persons dealing with such agents are charged with the knowledge of the extent of their authority."* See <u>Continental Casualty Co. v. United States</u>, 113 F.2d 284 (5th Cir. 1940)

42. A literal read of 26 CFR § 301.7602-1(b)(2) states in pertinent part: *<u>"officer or employee of the IRS means all officers and employees of the United States who are engaged in the administration and enforcement of the internal revenue laws</u> or any other laws administered by the IRS, and who are appointed by, or <u>subject to the direction, instructions, or orders of the Secretary of the Treasury or the Secretary's delegate."</u>* (See Attached **Exhibit G.**)

43. There is no question that MIKE PRYOR is *<u>subject to the direction, instructions, or orders of the Secretary of the Treasury or the Secretary's delegate</u>* and has not been authorized to act alone and without consent. See <u>One 1972 Cadillac, Coupe Deville, Id</u> at 513.  *"An agency's failure to follow federal law, which is binding upon the agency and which regulates the rights and interests of others, is reversible error and necessitates a new hearing. <u>Accardi v. Shaughnessy</u>,* 347 U.S. 260 (1954); see also <u>Columbia Broadcasting System, Inc. v. United States</u>, 316 U.S. 407, 417 (1942). *An agency action that is "arbitrary, capricious, an abuse of discretion, or not in accordance with law, as well as action taken 'without observance of procedure required by law'" should be invalidated.* <u>United States v. Caceres</u>, 440 U.S. 741, 753-754 (1979).

44. Thus, PRYOR has issued the two Summonses that have no enforcement authority whatsoever in violation of 26 CFR § 301.7602-1(b)(2) and did not satisfy all four prongs of the

*Powell* test to include that ***the procedural steps required by the tax code have been followed***, the fourth element of *Powell*. See *Id.* at 57-58, 85 S.Ct. 248; or *One 1972 Cadillac, Coupe Deville*. Considering all the evidence presented herein, the Respondent has sufficiently established, among other things on this Court's record that MIKE PRYOR alone is not the person authorized to issue the Summonses. Therefore, the Court should deny Counsel's motion on behalf of the UNITED STATES for civil contempt as wholly without subject matter jurisdiction and grant the Respondent's motion to dismiss the Petitioners' complaint as the only just and proper remedy.

<div align="center">

**VII.**
**The Petitioners Are Maliciously Misrepresenting The Material**
**Facts And Moving A Fraud Upon The Court, Seeking That**
**Kent Carter Be Charged With Civil Contempt Is Without Merit**

</div>

45. Counsel asserts on pg 5 ¶ 2 that the ***"Respondent has failed to show cause why he should not be compelled to produce information called for by the two Summonses and has not complied with this Court's August 20, 2007 Order."*** erroneously implying that the Respondent failed to comply with the Court's order. As the Court records reflect, although not necessary, the Respondent has at all times acted in good faith and complied with the IRS Summonses to produce books and records as commanded by the Court.  (see **Docket #11**).

46. The Respondent, Kent Carter, has in no way proceeded with any willful intent to defy this Court or any Order and seeks curative instructions to cure any contemptuous behavior presumed to exist. ***"In civil contempt, the contemnor is able to purge the contempt and obtain his release by committing an affirmative act, and thus carries the keys of his prison in his own pocket."*** *Id.* at 828 114 S.Ct. 2552 (internal quotations and citations omitted). On the other hand, ***"a completed act of disobedience that the contemnor cannot avoid" is criminal in nature.*** *Id.* (internal quotations and citations omitted). See *International Union, United Mine Workers of*

*America v. Bagwell*, 512 U.S. 821 827-28, 114 S.Ct. 2552, 129 L.Ed.2d 642 (1994) cited in *In Re Lucre Management Group, LLC*, 365 F.3d 874 (10th Cir. 2004).

47. In *Shillitani v. United States* the Court stated **"The paradigmatic coercive, civil contempt sanction, as set forth in Gompers, involves confining a contemnor indefinitely until he complies with an affirmative command such as an order** to pay alimony, or to surrender property ordered to be turned over to a receiver, or to make a conveyance." 221 U.S. at 442, see also *McCrone v. United States*, 307 U.S. 61, 64 (1939) (failure to testify). **Imprisonment for a fixed term similarly is coercive when the contemnor is given the option of earlier release if he complies.** *Shillitani v. United States*, 384 U.S. 364, 370, n. 6 (1966) (upholding as civil "a determinate [2-year] sentence which includes a purge clause"). **In these circumstances, the contemnor is able to purge the contempt and obtain his release by committing an affirmative act, and thus '" carries the keys of his prison in his own pocket.'"** *Gompers*, 221 U.S., at 442, quoting *In re Nevitt*, 117 F. 448, 451 (CA8 1902).

48. Although the Respondent has fully complied with the Court's Order, the Petitioners have intentionally mischaracterized the Respondent's acts, seeking further compliance. In *Shillitani v. United States*, 384 U.S. 364 (1966) the Court held at page 371 that **"... the justification for coercive imprisonment as applied to civil contempt depends upon the ability of the contemnor to comply with the court's order."** *Maggio v. Zeitz*, 333 U.S. 56, 76 (1948). Hence, civil contempt is manifest when the alleged contemnor refuses to do what has been order and is capable of doing it. **"This limitation accords with the doctrine that a court must exercise "[t]he least possible power adequate to the end proposed."** *Anderson v. Dunn*, 6 Wheat. 204, 231 (1821); *In re Michael*, 326 U.S. 224, 227(1945).

49. Furthermore, it appears the Petitioners are placing a burden on the Respondent to prove a negative, with their erroneous belief that the Respondent is capable of giving testimony beyond that which he has knowledge and has already given. In *Moore v. Kulicke & Soffa Industries, Inc.*, 318 F.3d 561 (3rd Cir. 2003) citing *Barrett*, 246 A.2d at 673 the Court stated, *("The burden of proof may be placed on the party who must prove the existence of a fact rather than on the party who must prove its nonexistence.") However, we conclude that this policy is counterbalanced by "the normal requirement that complainants prove their own cases."* *Commonwealth Dept. of Transportation*, 508 A.2d at 1193. See also *U.S. Gypsum Co. v. Birdsboro Steel Foundry & Mach. Co.*, 160 Pa.Super. 548, 557, 52 A.2d 344, 348-49 (1947). Finally, *"The moving party's burden cannot be enhanced to require his proof of a negative; that is, not only is there no evidence in the record, but plaintiff's evidence need not be disproved.")*, *cert. denied*, 480 U.S. 947, 107 S.Ct. 1605, 94 L.Ed.2d 791 (1987) as there is no evidence on the record of the Respondent's alleged non-compliance and such has not been proven.

50. Taking into consideration all documentary evidence and facts before the Court, the Respondent moves this Court deny the Petitioners' motion for contempt as the only just and proper remedy.

## VIII.
### The Facts Before The Court Render Further Judicial
### Enforcement Of The Summonses An Abuse Of Process

51. Counsel asserts that the *"Respondent has failed to show cause why he should not be compelled to produce information called for by the two Summonses and has not complied with this Court's August 20, 2007 Order"* when the record clearly establishes that the Respondent has already produced and complied what was commanded of him (see **Docket #11**). Once the

government has made this prima facie showing, the burden shifts to the party being summoned to either disprove the elements of the prima facie case or *"demonstrate that judicial enforcement of the summons would otherwise constitute an abuse of the court's process."* United States v. Davis, 636 F.2d 1028, 1034 (5th Cir. 1981).

52. The Declaration of MIKE PRYOR asserts on page 2 of 3 at ¶ 9 that: *"Mr. Carter also claimed to have no records for 08/01/2005 through 07/31/2006,"* as this claim true. As previously attested, although the Respondent recalls working construction during that time periods cited by PRYOR, the Respondent did not maintain any records and does not recall for whom the job(s) were performed, as Respondent was forced to retire from the laborious construction industry due to personal health issues (see Attached **Exhibit F**).

53. Counsel proceeds to state on page 6 of 7 at ¶ 1 *"(Although Mr. Carter states that he "has never been a record keeper" . . . a taxpayer's obligation to keep records is clear . . ." citing IRC 6001, 26 CFR 6001-1.)"* prejudicially inferring that the Court should punish the Respondent with contempt for not keeping any books or records predicated on the presumption that "everybody" keeps such records – and that is not the case here.

54. Without too much focus on his erroneous assertion, it would be an abuse of the Court's process to charge the Respondent with civil contempt for failing to keep books and records, as that is not the purpose for which civil contempt should be charged. This Court is intimately familiar with the old equitable maxim that *"Equity like nature, does nothing in vain; no party can compel an idle act."* and *"The law," says the court, "does not require any one to do a vain or idle act."* See Bank of the United States v. Weisiger, 27 U.S. 331 (1829).

55. PRYOR goes on to state *". . . Carter also stated he had rental properties . . . but he did not provide the names of any tenants or addresses of the rental properties."* What PRYOR

does not disclose to the Court is that he never requested that the Respondent provide the names of any tenants or the addresses of the rental properties as Respondent fully disclosed the addresses of the properties on IRS Form 433 Collection information. Had PRYOR asked for the names, the Respondent would have provided that information, but he did not.

56. The Respondent reasonably assumed, as any man or woman of average intelligence, that the address information requested by PRYOR and provided by the Respondent would be sufficient to cause Notices of Levy to issue, as asserted in his declaration. PRYOR, having issued Notices of Levy to Ronald Grimes and Trinka Stafford (a past renter and present purchaser in possession of personal property belonging to Respondent) without summoning or asking the Respondent for such information in any manner, is a testament that PRYOR is capable of obtaining the information he seeks without summonsing Kent Carter.

57. The Respondent's ability to comply with the Court's Order is predicated on books, records, documents and testimony the Respondent is capable of producing and giving– not on things that he cannot produce or does not have recollection or knowledge. The Respondent must be capable of producing the books and records demanded by the Petitioners – any act beyond that becomes idle. See *Shillitani Id* at 371.

58. As the Respondent has repeatedly stated, the information sought and in the possession of the Respondent has been provided and all questions asked of the Respondent have been answered – in full compliance with the Court's Order. Thus, the Respondent should not be compelled by the Petitioners to produce additional information called for by the two Summonses that he simply does not have – and a civil contempt order followed by indefinite incarceration is not going to produce that which does not exist.

## IX.
## Summary, Conclusion And Remedy Sought

Contrary to the Petitioners' assertions, the Respondent Kent Carter has fully complied with the IRS unlawful Summonses and Court's Order and Petitioners' Motion for Contempt of Court should be denied by the following good cause:

a.    Counsel for the UNITED STATES and the IRS failed to invoke the subject matter jurisdiction of the Honorable Court as prescribed by Congress at 26 U.S.C. §§ 7401 and 7402 and failed to plead, cite or establish that the Secretary authorized or sanctioned the proceedings and the Attorney General or his delegate directed that the civil action be commenced.

b.    The Petitioners failed to invoke the subject matter jurisdiction of the Honorable Court as prescribed by Treasury Regulations at 26 CFR § 301.7602-1(b)(2) and Delegation Order No. 4, and the issuing officer MIKE PRYOR failed to obtain the signature of the approving officer prior to causing the issuance of the two Summonses.

c.    The Respondent produced all books and records in his possession and testified truthfully to all questions asked of him to his recollection of the events and knowledge to avoid imprisonment, sanctions and further harassment, pursuant to the Court's then presumed lawful Order – now discovered to be unlawful based on the erroneous and reckless acts of the Petitioners;

d.    The Respondent did not disobey the two Summonses and should not be punished with civil contempt for not maintaining or possessing books and records;

e. The Petitioners did not point out a single instance where the Respondent did not fully comply with the Court's Order to produce book and records and give testimony where he was fully capable of satisfying their demands beyond the production already provided;

f. The Court should no longer seek enforcement of the two unlawful Summonses that were solely issued by Revenue Officer MIKE PRYOR who is not the Secretary, his delegate or the person authorized pursuant to 26 CFR § 301.7602-1(b)(2) to issue the Summonses without the signature approval of the approving officer – a delegate of the Secretary.

g. The Court should issue an Order for the Petitioners to show cause why the Respondent should be held in civil contempt when the documentary evidence attached hereto is sufficient to establish that the Petitioners have failed to invoke the subject-matter jurisdiction of this Honorable Court to issue an order of enforcement of these unlawful IRS Summonses.

**WHEREFORE,** the Respondent Kent Carter, in the interest of [justice], moves this Court determine that the he has complied with the two Summonses, although he was not required to comply, and should not be held in civil contempt for reasons stated hereinabove and to the degree necessary, allow the Respondent to purge any act or behavior capable of being purged that could be construed as contempt.

Finally, in the interest of [justice] the Respondent moves this Court dismiss the Petitioners' First Petition to Enforce IRS Summons in its entirety, or in the alternative issue an Order for the Petitioners to show cause why they should not be held in contempt, compelling Petitioners to produce documentary evidence sufficient to establish they fully complied with the mandatory acts of Congress that would authorize the Court's jurisdiction over the subject matter to cause the issuance of a lawful order and enforce their Summonses.

Respectfully submitted.

## VERIFICATION

I, Kent Carter, under penalty of perjury, attest pursuant to 28 U.S.C. § 1746(1) that to the

best of my present knowledge, understanding and belief, all matters of fact set out above are true

and correct, so help me God.

On this _29_ day of October 2007

_Kent Carter_
Kent Carter, Respondent
c/o PO Box 5033
Carlsbad, New Mexico [88220]
Ph: 505-887-1912

## NOTARY ACKNOWLEDGMENT

State of New Mexico      )
                         )  ss
County of _Eddy_         )

On this _29_ day, of _October_____, 2007 <u>Kent Carter</u>, personally appeared,

is personally known to me, or proved to me on the basis of satisfactory evidence to be the person

whose name is subscribed to the within instrument.

Witness my hand and official seal.

(Seal)

_Amanda Miller_
Signature of Notary

My Commission Expires: _07/17/2011_



Official Seal
AMANDA MILLER
NOTARY PUBLIC
STATE OF NEW MEXICO
My Commission Expires: 07/17/2011

**ATTACHMENTS:**

**Exhibit A:** Respondent's IRS Form 433 financial disclosure dated 8/27/07 w/attached information and bank statements (18 pages)

**Exhibit B:** Copy of Respondent's Carlsbad Medical Center Records–06/09/05 (8 pages)

**Exhibit C:** Declarations of Mike Pryor dated 03/05/07 and 09/25/07 and DOJ letter dated 02/07/07 (8 pages)

**Exhibit D:** IRS Form 668-W(ICS) administrative Levy on Wages…. dated 07/25/06 issued to Ronald Grimes and Escrow Agreement (3 pages)

**Exhibit E:** IRS Form 668-C administrative Notice of Levy/Final Demand… dated 04/27/07 issued to Trinka Stafford (3 pages)

**Exhibit F:** United States' First Petition To Enforce IRS Summons (4 pages)

**Exhibit G:** Two IRS administrative Summonses to Respondent dated 08/11/06, Treasury Regulations at 26 CFR § 301.7602-1(b)(2) and Delegation Order No. 4 (15 pages)

**Exhibit H:** 26 U.S.C. §§ 7401 and 7402 (5 pages)

## CERTIFICATE OF SERVICE

I, Kent Carter, certify that on the 29 day of October 2007, I served the foregoing "RESPONDENT'S MOTION TO DENY UNITED STATES' MOTION FOR CONTEMPT; MOTION TO DISMISS FOR LACK JURISDICTION; MOTION TO PURGE ANY BEHAVIOR PRESUMED TO BE CONTEMPTUOUS; MOTION FOR THE COURT TO WITHDRAW ITS ORDER OF COMPLIANCE AND ISSUE AND ORDER TO SHOW CAUSE" by certified mail addressed to the following:

Cynthia L. Weisman, AUSA
U.S. Attorney's Office
P.O. Box 607
Albuquerque, NM 87103
Certified Mail: 7006 0810 0001 6005 5393

William Smith, Majority Chief Counsel
Preet Bharara, Minority Chief Counsel
US Committee on the Judiciary
Subcommittee Administrative Oversight/Courts
224 Dirksen Senate Office Building
Washington, D.C. 20510
Certified Mail: 7004 2890 0001 9656 5905

The Honorable Gay G. Kernan
928 W Mesa Verde
Hobbs, NM 88240
Certified Mail: 7004 2890 0001 9656 5899

The Honorable Keith J. Gardner
4500 Verde Drive
Roswell, NM 88201
Certified Mail: 7004 2890 0001 9656 6841

Kent R. Carter
Kent Carter



Official Seal
AMANDA MILLER
NOTARY PUBLIC
STATE OF NEW MEXICO
My Commission Expires:

10/29/07  Amanda Miller